IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEREMY PINSON,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:16-CV-00565 |
| | : | |
| vs. | : | |
| | : | |
| L.J. ODDO, et al., | : | (Judge Rambo) |
| | : | |
| Defendants | : | |

---

| | | |
|---|---|---|
| **JEREMY PINSON,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:17-CV-00103 |
| | : | |
| vs. | : | |
| | : | |
| ELIZABETH SANTOS, et al., | : | (Judge Rambo) |
| | : | |
| Defendants | : | |

**MEMORANDUM**

**Background**

On April 1, 2016, Plaintiff Jeremy V. Pinson, an inmate at the United States Penitentiary at Allenwood, White Deer, Pennsylvania ("USP-Allenwood")[1](Federal

---

1. Pinson is presently confined at the Medical Center
(continued...)

Bureau of Prisons inmate number 16267-064) filed a civil rights action, Civil No. 1:16-CV-00565, pro se pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).[2] (Doc. 1, Civil No. 16-565.) Named as Defendants are L. J. Oddo, Warden at USP-Allenwood; Mr. Rodarmel, a Unit Manager at USP-Allenwood; Joseph Norwood, Northeast Regional Director of the Federal Bureau of Prisons; and the Federal Bureau of Prisons.(<u>Id.</u>) Pinson is alleged to be a transgender woman undergoing hormone therapy who is being retaliated by the Defendants for refusing to be housed in the general population.(<u>Id.</u>) Pinson claims that in 2008 she cooperated with law enforcement who were investigating

---

1. (...continued)
for Federal Prisoners, Springfield, Missouri.

2. 28 U.S.C. § 1331 states as follows: "The district court shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."

<u>Bivens</u> stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978).

the following gangs: Aryan Brotherhood, Mexican Mafia, Texas Syndicate and Dirty White Boys.(Id.) As a result of her cooperation Pinson claims that the head of each gang ordered that she be "stabbed on sight." (Id.) While confined in a prison in California in 2008, Pinson claims a prison gang attempted to kill her and that as a result she sued Defendant Norwood. (Id.) Pinson states that the case against Norwood arising out of the attempt by gang members to kill her is still pending and that Defendant Norwood was deposed in that case in February, 2016.[3] (Id.) She claims that Norwood in concert with Defendants Oddo and Rodarmel are retaliating against her by restricting her telephone privileges, limiting the

---

3. An electronic search on PACER reveals the case was filed in the United States District Court for the Central District of California. Pinson v. Prieto, et al., Civil No. 5:10-CV-00811-SP (C.D. Cal. filed June 2, 2010). The case went to a 7-day jury trial in October, 2016, and the jury rendered a verdict on October 25, 2016, in favor of Defendants Palbo Prieto, Joshua Halstead and Joseph Norwood. Subsequently, Pinson filed numerous motions and Pinson and Defendants sign a stipulation which resulted in the Defendants waiving their right to seek costs, Pinson's motions being denied as moot, Pinson waiving her right to appeal, and the District Court dismissing the case with prejudice and directing the Clerk of Court to close the case.

amount of paper she receives and denying her postage to send out legal documents. (Id.) She contends that they have attempted to coerce her into being placed in the general population knowing that a prison gang has threatened her life. (Id.)  She alleges that staff have repeatedly stated that "Norwood wants you boiled in oil over that California case." (Id.) Along with the complaint, Plaintiff filed a motion to proceed in forma pauperis and an authorization to have funds deducted from her prison account to pay the filing fee in installments. (Docs. 2, 3.)

In the motion to proceed in forma pauperis (Doc. 2, Civil No. 16-565) Pinson stated under penalty of perjury that prior to the filing of the complaint she did  file 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  However, Pinson claims that she is in imminent danger of serious physical injury. In support of that claim Pinson merely states as follows: "People who've tried to kill me before are actively

threatening to rape/kill me again and defendants are deliberately subjecting me to that danger." (Doc. 2, at 2, Civil No. 16-565.)  The case was inadvertently served on Defendants without first addressing the issue of whether Pinson's complaint should be dismissed without prejudice under the three-strikes provision, 28 U.S.C. § 1915(g).

On January 18, 2017, Pinson (inmate number 16267-064) filed another civil complaint under <u>Bivens</u>. <u>Pinson v. Santos, et al.</u>, Civil No. 1:17-CV-00103.  In that complaint Pinson names as Defendants two individuals  employed at USP-Allenwood, a psychiatrist employed by the Federal Bureau of Prisons ("BOP") and the BOP.  Pinson in the complaint alleged that Defendants are denying her sex reassignment surgery and retaliating against her. (Doc. 1, at 6, Civil No. 17-103.) As relief Pinson requests injunctive relief and $1.00 in compensatory damages. (<u>Id.</u> at 9.)  Along with the complaint, Pinson filed a motion to proceed <u>in forma pauperis</u>.  (Docs. 2, Civil No. 17-103.)

In the motion to proceed <u>in forma pauperis</u> (Doc. 2, Civil No. 17-103) Pinson stated under penalty of

5

perjury that prior to the filing of the complaint she did file 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. However, Pinson claims that she is in imminent danger of serious physical injury. In support of that claim Pinson merely states as follows: "See Complaint." (Id. at 2.)

  Pinson admits that he has three strikes under 28 U.S.C. § 1915(g).  Furthermore, an electronic search on PACER confirms that prior to filing the above-captioned cases Pinson did file 3 or more cases that were dismissed under the Prison Litigation Reform Act Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996)("PLRA").[4]

---

4.  Section 1915(e)(2) provides:

>   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

>   Section 1915A states in part as follows:
>   (continued...)

In fact that review reveals that Pinson has filed at least 43 prisoner rights lawsuits (denoted by Nature of Suit number 550) and more than 130 civil actions.[5] The court will now enumerate some of Pinson's prior cases which were dismissed under the screening provisions of the PLRA.

On June 1, 2009, Pinson (inmate number 16267-064) filed a civil rights complaint in the United States

---

4. (...continued)

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal. – [same as under § 1915(e)].

5. Pinson's litigation history reveals a pattern of abusive filings as one federal court stated in March, 2014: "Mr. Pinson is no stranger to this Court and to at least nineteen other federal district courts. Since November 2007, Mr. Pinson has filed forty-three cases in this court, and since September 2005, he has filed 136 cases in various other federal district courts along with 64 appeals in seven different circuits." Pinson v. Armijo, 2014 WL 1034992, at *2 (D.Co. Mar. 18, 2014).

District Court for the Middle District of Florida. <u>Pinson v. Pineiro, et al.</u>, No. 5:09-CV-00244-WTH-GRJ. On July 29, 2009, an order was issued dismissing the case with prejudice and it was specifically stated in the order that "[t]he dismissal of this case counts as a strike for purposes of 1915(g)." <u>Pinson v. Pineiro, et al.</u>, No. 5:09-CV-00244-WTH-GRJ, slip op. at 32 (M.D. Fl. July 29, 2009)(Doc. 10)

On June 24, 2009, Pinson (inmate number 16267-064) filed a civil rights complaint in the United States District Court for the Middle District of Florida. <u>Pinson v. Chipi, et al.</u>, No. 5:09-CV-00283-WTH-GRJ. On July 29, 2009, an order was issued dismissing the case with prejudice and it was specifically stated in the order that "[t]he dismissal of this case counts as a strike for purposes of 1915(g)." <u>Pinson v. Chipi, et al.</u>, No. 5:09-CV-00283-WTH-GRJ, slip op. at 32 (M.D. Fl. July 29, 2009)(Doc. 7)

On July 12, 2010, Pinson (inmate number 16267-064) filed a civil rights complaint in the United States District Court for the Northern District of Alabama. <u>Pinson v. Elston</u>, No. 1:10-CV-01847-SLB-HGD. On January

6, 2012, a memorandum and order were issued dismissing the case pursuant to 28 U.S.C. § 1915A(b)(1) and it was specifically stated in the order that "[t]he dismissal of this action is a dismissal countable for purposes of 28 U.S.C. § 1915(g)." Pinson v. Elston, No. 1:10-CV-01847-SLB-HGD, final judgment (N.D. Ala. Jan. 6, 2012)(Doc. 14).

On September 13, 2010, Pinson (inmate number 16267-064) filed a civil rights complaint in the United States District Court for the Northern District of Alabama. Pinson v. Rathman, et al., No. 1:10-CV-02469-AKK-HGD. On June 30, 2011, a memorandum and order were issued dismissing the case pursuant to 28 U.S.C. § 1915A(b) and it was specifically stated in the order that "[t]he dismissal of this action is a dismissal countable for purposes of 28 U.S.C. § 1915(g)." Pinson v. Rathman, et al., No. 1:10-CV-02469-AKK-HGD, final judgment (N.D. Ala. June 30, 2011)(Doc. 24).

Pinson has also had an appeal dismissed by the Court of Appeals for the Eleventh Circuit dismissed as frivolous. Pinson v. Chipi, et al., No. 10-12235-B, order of dismissal, at 5 (11th Cir. Feb 2, 2011).

For the reasons set forth below, the above-captioned cases filed by Pinson in this district on August 1, 2016, and January 18, 2017, will be dismissed pursuant to 28 U.S.C. § 1915(g). Furthermore, the pending motion to dismiss and/or for summary judgment (Doc. 14) filed in Civil No. 16-565 will be denied as moot.

**Discussion**

The PLRA in an effort to halt the filing of meritless inmate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. § 1915(g), the "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury." See 28 U.S.C. § 1915(g), and Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir 2001)(en banc). The "imminent danger" exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate."

Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.2002). "Imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. Abdul-Akbar, 239 F.3d at 312. Furthermore, the Court of Appeals for the Third Circuit explained that

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315.

As stated above in both cases Pinson claims that she is in "imminent" danger of serious physical injury. After reviewing Pinson's complaints and the assertions regarding "imminent" danger set forth in her motions to proceed in forma pauperis, the court concludes that Pinson's allegations do not satisfy the threshold

11

criterion of the imminent danger exception of 28 U.S.C. § 1915(g).[6]

An appropriate order will be entered.

                                          s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: January 24, 2017

---

6. Other courts have also found that allegations similar to those made by Pinson in the present actions were too speculative and insubstantial to satisfy the imminent danger exception. See Pinson v. Frisk, 2015 WL 738253, at *3-4 (N.D.Cal. Feb. 20, 2015) and the cases cited therein.